UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Amy Villeda, *as Personal Representative of the Estate of Micah K. Pittman*, | Case No. 20-cv-1412 (WMW/DTS) |
| Plaintiff, | **ORDER** |
| v. | |
| Inland Marine Service, Inc., | |
| Defendant. | |

---

In this wrongful-death action, Defendant Inland Marine Service, Inc. (IMS) moves to transfer venue. (Dkt. 13.) For the reasons addressed below, IMS's motion is denied.

## BACKGROUND

Plaintiff Amy Villeda is the duly appointed personal representative of the Estate of Micah Kevin Pittman, pursuant to the Letters of Appointment in the state of Alabama. IMS, a Kentucky corporation, has a primary office in Hebron, Kentucky, with its center of operations in Paducah, Kentucky. At all relevant times, IMS was Pittman's employer.

Pittman died on November 14, 2019, when he fell from a tow boat and drowned in the Mississippi River in Minnesota. IMS owned and operated the towing vessel, M/V Cooperative Mariner, at the time of the incident, and Pittman was a crewmember. Pittman's fellow deckhand Robert Schmidt was injured during his attempt to rescue Pittman. Both parties agree that Schmidt is a central witness in this case.

Before Villeda commenced this action, Schmidt filed a complaint in the Western District of Kentucky for the injuries he suffered during the rescue attempt. *Schmidt v. Inland Marine Serv., Inc.*, No. 5:20-cv-00088-TBR (W.D. Ky. June 2, 2020). Schmidt filed his complaint sixteen days before Villeda filed this action.

Villeda's complaint asserts two causes of action: negligence pursuant to the Jones Act, 46 U.S.C. § 30104, and unseaworthiness pursuant to "general maritime law." On August 11, 2020, IMS filed the pending motion to transfer venue from the District of Minnesota to the Western District of Kentucky. IMS seeks to consolidate this case with Schmidt's case, arguing that both cases arise from the same operative facts and are governed by maritime and admiralty law. Villeda opposes this motion.

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to a district court in which the action could have been brought. 28 U.S.C. § 1404(a).[1] Congress created Section 1404(a), the transfer statute, to codify the common law doctrine of *forum non-conveniens*, which permits the transfer of a case to a more convenient forum, even though venue is initially proper in the district court in which the case was filed. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). A district court has broad discretion when considering a Section

---

[1]   District courts may transfer an admiralty action to a more convenient jurisdiction under 28 U.S.C. § 1404(a). *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960).

1404(a) motion to transfer.  *Terra Int'l, Inc. v. Miss Chem. Corp.*, 119 F.3d 688, 697 (8th Cir. 1997).  The decision to transfer under Section 1404(a) involves a two-step inquiry.

First, the district court must determine "whether the action might have been brought in the proposed transferee district."  *Valspar Corp. v. Kronos Worldwide, Inc.*, 50 F. Supp. 3d 1152, 1155 (D. Minn. 2014) (internal quotation marks omitted).  Second, the district court must weigh three factors, which are whether transfer would be (1) convenient for the parties, (2) convenient for the witnesses, and (3) in the interests of justice.  *See Terra Int'l*, 119 F.3d at 691.  A district court evaluates the circumstances of the case when considering all relevant factors.  *Id.*  The party seeking transfer bears a "heavy burden" of proof to establish that transfer is warranted, as the movant must show "that the balance of factors strongly favors" transfer and not merely "that the factors are evenly balanced or weigh only slightly in favor of transfer."  *Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 888 (D. Minn. 2015) (internal quotation marks omitted).

This case could have been brought in the Western District of Kentucky.  As IMS's principal place of business is in Kentucky, IMS is subject to personal jurisdiction in that forum.  IMS contends that this lawsuit should be transferred to the Western District of Kentucky because that is a more convenient forum for the parties and witnesses.  And, IMS argues, transfer serves the interests of justice.  An analysis of each disputed factor of the Section 1404(a) analysis follows.

### I.     Convenience of the Parties

IMS argues that the Western District of Kentucky would be a more convenient forum for both parties.  Although Villeda, an Alabama resident, admits that the Western District of Kentucky is closer to her, she argues that this factor weighs against transfer.

When analyzing the convenience of each venue for the parties, several factors are considered, including the travel expenses of each party and any loss of productivity each party would experience if required to litigate in the forum.  *Oien v. Thompson*, 824 F. Supp. 2d 898, 903 (D. Minn. 2010) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010)).  The location and convenience of counsel are not relevant when deciding a motion to transfer venue.  *Safeco Ins. Co. of Ind. v. Carlson*, 274 F. Supp. 3d 904, 909 n.7 (D. Minn. 2017).  Here, the Western District of Kentucky would be a more convenient and less expensive forum for IMS, which is a Kentucky corporation with its principal place of business in Kentucky.  And Villeda, who was appointed to serve as the personal representative for Pittman's Estate in Alabama, also is closer to Kentucky than Minnesota.  Villeda argues generally that it will be more convenient for her to travel to a larger airport in Minnesota than it would be for her to travel to a regional airport in Paducah, Kentucky.  But Villeda provides no evidence or specific arguments as to why flying a longer distance to a larger airport in a large metropolitan area would reduce either her expenses or her loss of productivity as compared to traveling a shorter distance to a regional airport in Kentucky.  And although Villeda contends that she has selected Minnesota counsel, this fact is not relevant to the Court's analysis as to the convenience of the parties.  *See id.*

4

Because a trial and any related court appearances in the Western District of Kentucky would be more convenient for the parties, this factor favors transferring the action to the Western District of Kentucky.

**II.     Convenience of the Witnesses**

IMS argues that the convenience-of-the-witnesses factor favors transfer. But Villeda counters that the essential non-party witnesses reside in Minnesota, which weighs heavily against transfer.

Courts often consider witness convenience the most important factor when deciding whether to transfer venue. *See Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1138 (D. Minn. 2009). Most relevant to this analysis is the inconvenience to non-party witnesses as "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." *Bae Sys.*, 124 F. Supp. 3d at 885–86 (internal quotation marks omitted). As the party seeking transfer, IMS must identify the essential witnesses to be called and provide a general statement of what their testimony will cover. *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991).

The only essential non-party witnesses identified by the parties are the medical examiner and emergency responders, all of whom reside in or near Minnesota.[2] Villeda

---

[2]     Most of the witnesses IMS identifies are employed by IMS, including Robert Schmidt. Both parties agree that Schmidt is an essential witness because he allegedly was injured while trying to rescue Pittman. Schmidt lives slightly closer to this forum: approximately 409 miles from Paducah, Kentucky and approximately 341 miles from Saint Paul, Minnesota. As Schmidt is a party witness, his convenience is less significant to the

argues the emergency responders and medical examiner are essential because they will testify about the cause of Pittman's death, the condition of his body, and the location of the accident. Given that Pittman died in Minnesota, and the medical examiner and emergency responders work in or near Minnesota, it would be more convenient for these non-party witnesses to testify in Minnesota.

Because all of the essential non-party witnesses reside in or near Minnesota, the convenience-of-the-witnesses factor weighs heavily against transfer.

### III. Interests of Justice

The parties disagree as to whether the interests of justice favor transferring the lawsuit to the Western District of Kentucky. When evaluating the interests of justice, a district court considers "any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *See In re Apple, Inc.*, 602 F.3d at 912 (internal quotation marks omitted). These factors include judicial economy, the plaintiff's choice of forum, and any obstacles to a fair trial. *Austin*, 677 F. Supp. 2d at 1139. The Court addresses each of these factors in turn.

---

analysis because courts give priority to non-party witnesses. *See Bae Sys.*, 124 F. Supp. 3d at 885–86. Also, because IMS's employees regularly travel in or near Minnesota, it is not persuasive that it would be inconvenient for IMS to require them to appear in Minnesota. *See id.* And IMS has provided only a vague description of its employees' anticipated testimony—insufficient to evaluate whether these witnesses are essential. *See id.* (observing that a party seeking transfer based on witness convenience must provide a general statement of what the essential witnesses' testimony will cover).

6

### A.     Judicial Economy

IMS argues that judicial economy favors transfer because IMS would seek to consolidate this case with the related *Schmidt* case that currently is docketed in the Western District of Kentucky. *See generally Schmidt v. Inland Marine Serv., Inc.*, No. 5:20-cv-00088-TBR (W.D. Ky. June 2, 2020).

Great weight should be given to a transfer that facilitates the consolidation of cases involving "precisely the same issues" that are simultaneously pending in different district courts to avoid the wastefulness of time, energy and money that Section 1404(a) was designed to prevent. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

IMS's arguments imply that, because Schmidt filed his action first in the Western District of Kentucky, comity *requires* this action to be transferred to Kentucky. The first-to-file rule, on which IMS implicitly relies, applies only when both actions involve the same parties and the same issues. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). That is not the circumstance here. The two cases involve similar issues and share IMS as the defendant. But the plaintiffs are not the same in both cases, and the issues are not identical. For this reason, the first-to-file rule does not apply.

The circumstances here and those in *Schmidt* are, nonetheless, similar. Both plaintiffs were harmed in the same incident, on the same vessel, and assert similar claims. The specific allegations in each case differ—in *Schmidt*, the allegations focus on the cause of plaintiff's injuries whereas in this case the allegations focus on Pittman's drowning and death. Although the issues are not "precisely the same," *Cont'l Grain Co.*, 364 U.S. at 26,

each case involves claims of negligence and unseaworthiness arising from the same incident. If the cases were in the same district, there is a greater opportunity for the parties to coordinate discovery and a greater likelihood that the cases could be consolidated. Consolidation would offer some efficiency to the litigation, by preventing duplicative discovery, minimizing the costs associated with obtaining witness testimony in multiple venues, and avoiding needless expenses. Although the first-to-file rule does not *require* transfer, the similarity of the cases *favors* transfer.

The judicial-economy factor favors transferring the case to the Western District of Kentucky.

### B. Plaintiff's Choice of Forum

IMS next argues that, because Villeda is not at home in Minnesota, the presumption in favor of a plaintiff's choice of forum is weakened.

There is a presumption in favor of a plaintiff's choice of forum. *See In re Apple, Inc.*, 602 F.3d at 913; *see also K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597–98 (8th Cir. 2011) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (internal quotation marks and brackets omitted)). But courts afford that choice far less deference when the plaintiff does not reside in the selected forum or the underlying facts did not arise there. *In re Apple, Inc.*, 602 F.3d at 913. Minnesota is not Villeda's home state. But because the relevant underlying facts occurred in Minnesota, the presumption in favor of Villeda's choice of

forum applies. Therefore, the choice-of-forum factor weighs against transfer because the accident happened in Minnesota.

### C. Obstacles to a Fair Trial

IMS argues that the Western District of Kentucky likely has more expertise in maritime and admiralty law because four major rivers are located there. According to IMS, during the last five years, fifty-one maritime and admiralty personal-injury cases have been docketed in the Western District of Kentucky compared to four cases in the District of Minnesota.

This argument is unpersuasive. Minnesota courts are fully capable of addressing the legal issues that will arise in this case. *See Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1055 (N.D. Ill. 2012) (observing that "most courts have frowned on the suggestion that the judges of one district are more capable or experienced in a particular area [of law] than are judges of another district. To hold otherwise would be inconsistent with the generalist nature of the United States district courts."). The number of maritime and admiralty cases a court has heard in no way affects a federal court's ability to interpret and apply the relevant law. As such, there are no obstacles to a fair trial in Minnesota. Accordingly, the obstacles-to-a-fair-trial factor weighs against transfer.

In summary, while the judicial-economy factor weighs in favor of transfer, the remaining interests-of-justice factors, the plaintiff's choice of forum and the absence of any obstacle to a fair trial, weigh against transfer. Accordingly, the interests-of-justice factor weighs against transfer.

### IV. Conclusion

To warrant transfer, IMS must show "that the balance of factors strongly favors" transfer and not merely "that the factors are evenly balanced or weigh only slightly in favor of transfer." *Bae Sys.*, 124 F. Supp. 3d at 884 (internal quotation marks omitted). Although the convenience-of-the-parties factor favors transfer, the remaining two transfer-of-venue factors, the convenience of the witnesses (the most important factor) and the interests of justice, weigh against transfer. Accordingly, transfer of venue is not warranted in this case. Because IMS has not met its burden of proof to establish that transfer is warranted, IMS's motion is denied.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Inland Marine Service, Inc.'s motion to transfer venue, (Dkt. 13), is **DENIED**.

Dated: March 26, 2021                                        s/Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge